**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

**BOBBY GENE WHITE,**

    Plaintiff,

v.

**DR. ABDUL JAMALUDEEN,**

    Defendant.

Case No. 1:11cv507

**REBUTTAL BRIEF IN SUPPORT OF
DR. JAMALUDEEN'S MOTION TO DISMISS**

**COMES NOW** Defendant Dr. Abdul Jamaludeen ("Dr. Jamaludeen"), by counsel, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7(F) of this Court's Local Civil Rules, submits this rebuttal brief in support of his motion to dismiss.

**REPLY AND REBUTTAL**

Dr. Jamaludeen replies to the opposition brief submitted by Plaintiff Bobby Gene White (ECF No. 21) as follows:

    1.    The Plaintiff's opposition brief contains numerous factual allegations that are not contained within the Plaintiff's Complaint or Amended Complaint (e.g., the duration and cost of the physical therapy provided to the Plaintiff, new allegations regarding Dr. Jamaludeen's knowledge of the Plaintiff's various "sick call slips," etc.). Accordingly, the Court should disregard these allegations in ruling on Dr. Jamaludeen's motion to dismiss. *See, e.g.*, *Williams v. Harvey*, No. 4:05cv161, 2006 U.S. Dist. LEXIS 62249, at *19–20 (E.D. Va. Aug. 21, 2006) (explaining that a court cannot consider factual allegations made by a plaintiff, even one proceeding *pro se*, that are not contained in the complaint and are made only in an opposition

2.  Appended to the Plaintiff's opposition brief are numerous documents that were not attached to or expressly referenced in either the Plaintiff's Complaint or his Amended Complaint. Accordingly, the Court should disregard the documents appended to the brief. *See, e.g.*, *Braun v. Maynard*, 652 F.3d 557, 559 n.1 (4th Cir. 2011) (explaining that courts "do not consider materials other than the complaint and documents incorporated into it when evaluating that complaint under Rule 12(b)(6)").

3.  Even if the Court were to consider the additional allegations and documents submitted by the Plaintiff, which show that the Plaintiff received physical therapy and other treatment for his shoulder injury, the Court should, nonetheless, grant Dr. Jamaludeen's motion to dismiss because the newly submitted allegations and documents affirmatively demonstrate that the Plaintiff was, in fact, being treated for his condition. *See, e.g.*, *Gonzalez-Reyna v. Ellis*, No. 1:09cv522, 2009 U.S. Dist. LEXIS 65155, at *7–8 (E.D. Va. July 27, 2009) (dismissing an inmate's deliberate indifference claim because his "allegations regarding the prison medical staff's efforts to treat that condition belie his assertion that defendants were deliberately indifferent to his medical needs").

## CONCLUSION

For the reasons stated above and in Dr. Jamaludeen's memorandum of law in support of his motion to dismiss, the Court should dismiss this case, with prejudice, for failure to state a claim upon which relief can be granted.

3

        Respectfully submitted,

        DR. ABDUL JAMALUDEEN

        By counsel

/s/
Kevin J. O'Brien (VSB No. 78886)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Phone: (804) 775-1368
Fax: (804) 698-2161
Email: kobrien@mcguirewoods.com
*Counsel for Defendant Dr. Abdul Jamaludeen*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system. I hereby further certify that I will mail the document by certified U.S. mail to the following non-filing user:

>Bobby Gene White
>Inmate No. 10-003521
>Virginia Beach Correctional Center
>P.O. Box 6186
>Virginia Beach, Virginia 23456
>*Pro se Plaintiff*

/s/
Kevin J. O'Brien

\36319983.1