IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

BOBBY GENE WHITE,
  Plaintiff

V.

DR. ABDUL JAMALUDEEN
  Defendant.

CIVIL ACTION NO. 1:11-CV-507

REBUTTAL BRIEF IN SUPPORT OF
BOBBY GENE WHITE MOTION NOT TO DISMISS

COMES NOW Plaintiff Bobby Gene White ("Mr. White") by pro se Plaintiff, and, pursuant to Rule 12(b)(6) of the Federal rules of Civil Procedure and Rule 7(F) of this court's Local Civil Rules, submits this rebuttal brief in support of motion not to dismiss.

REPLY AND REBUTTAL

Pro se Bobby Gene White replies to the rebuttal brief submitted by Dr. Jamaludeen's counsel Kevin J. O'Brien as follows:

1. The Allegations That I Bobby Gene White" DSI 10-00352 made was To Let The court's Know That I Did not recieve 4 months of Physical Therapy as Defendant Dr. Jamaludeen said I Did. By giveing cost and Dates of Physical Therapy. from The Time of my Bobby Gene white's injury 3-24-11 I Bobby Gene white was discharged from hospital with dislocated shoulder. Defendant Dr. Jamaludeen had Knowledge of it. He waited for Records from hospital. Defendant Dr. Jamaludeen Did not send me Bobby Gene white to outside medical facical for X-Rays until 4-18-11 almost 1 month after injury. see petrichKO v. Kurtz, 117 F. Supp. 2d 467, 473 (E.D. PA 2000) (Denial of access to a physician for Two week's could constitute deliberate indifference)

Then Defendant Dr. Jamaludeen opted to give me Physical Therapy not surgery. This is common sense Practical Judgment To have my Bobby Gene white's shoulder Put Back in Place by surgery and Then Physical Therapy. And Then it was another month Before I recieved Physical Therapy 5-27-11. (D. or. 2002) ("Deliberate indifference claim was supported where Plaintiff was examined regularly by medical staff but "There is an ongoing pattern of ignoring, and failing to Timely respond to or effectively manage, Plaintiff's chronic Pain"); Greeno v. Daley. 414 F.3d. 645, 655 (7th Cir. 2005); white v. Napoleon, 897 F.2d 103, 109 (3d cir. 1990); Ruffin v. Deperio, 97 F. Supp. 2d 346, 353 (w.D.N.Y. 2000) (holding Jury could find That Treatments "consisted of little more Then documenting [Plaintiff's] worsening condition" and continuing ineffective Treatment, not withstanding frequent examinations

And eventual to specialist). Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980); accord, Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); DeGidio v. Puny, 920 F.2d 525, 533 (8th Cir. 1990) ("consistint pattern of reckless of negligent coduct" establishes deliberate indifference);

And it was Flase when Defendant said I recieve 4 months Physical Therapy. 19 hours Therapy from 5-27-11 to 7-12-11 which Coarts have Records of These statments. And Then two more month Before recieveing surgery 9-15-11. Defendant Dr. Jamaludeen prolonged my surgery with unnecessarily Pain and suffering.

McGuckin v. Smith, 974 F.2d at 1050, 1060 (9th Cir. 1992 (condition that "significantly affects an individuals Daily activities" is actionable);

## CONCLUSION

For These Reasons The court's should not dimiss This case because it Does, in fact, state a claim upon Which relief can be granted.

_[signature]_  
Notray Public  
Date 1-26-12

_[signature]_  
Witness  
Date 1-26-12

_[signature] Bobby G. White_  
Plaintiff  
Date 1-26-12

[Notary seal: JESSICA LEE WILSON, NOTARY PUBLIC, MY COMMISSION NUMBER 7510509, COMMONWEALTH OF VIRGINIA]

Bobby Gene White #DSI 10-003521
Virginia Beach Correctional Center
P.O. Box 6186
Virginia Beach, VA
　　　　23456



FIRST CLASS
$00.450
01/30/2012
Mailed From 23456
US POSTAGE

Office of
Clerk, U.S. District Court
Eastern District of Virginia
401 Courthouse Square
Alexandria, Virginia  22314-5798

2231435798