IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division                    MAY 2 9 2012

Bobby Gene White,                      )
      Plaintiff,                       )
                                       )
v.                                     )          1:11cv507 (AJT/JFA)
                                       )
Doctor Abdul Jamaludeen,               )
      Defendant.                       )

MEMORANDUM OPINION

Bobby Gene White, a Virginia inmate proceeding pro se, filed this action pursuant to 42

U.S.C. § 1983, alleging Doctor Abdul Jamaludeen was deliberately indifferent to plaintiff's

serious medical needs.  Defendant filed a Motion to Dismiss along with a supporting

memorandum on December 20, 2011.  Plaintiff was provided with notice and an opportunity to

file responsive materials, as required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d

309 (4th Cir. 1975), and he filed a response.  Defendant filed a rebuttal to plaintiff's response on

January 11, 2012, and plaintiff filed a response to the rebuttal on February 1, 2012.  For the

reasons that follow, the Motion to Dismiss must be granted.

**I. Background**

The following facts arise from the allegations contained in plaintiff's initial complaint

filed on May 11, 2011, and an amendment to the complaint filed October 3, 2011.

Plaintiff, an inmate at Virginia Beach Correctional Center ("VBCC"), dislocated his

shoulder on or about March 29, 2011.  Compl. at 4, ECF No. 1.  Because the injury caused

plaintiff's arm and hand to turn purple, he was transported from VBCC to the Princess Anne

emergency room and subsequently admitted to Norfolk Hospital on March 30, 2011.  Compl. at

4.  The hospital tested plaintiff for blood clots and the test came back negative.  Compl. at 4.

1

Plaintiff was discharged from the hospital with a "dislocated shoulder," and he returned to VBCC. Compl. at 4.

After returning to VBCC plaintiff alleges he filed "numerous grievances to receive any type of pain medication." Compl. at 4. According to plaintiff, only one grievance was answered in which plaintiff was informed that Doctor Jamaludeen, the jail physician, was waiting for records from the emergency room before proceeding with treatment. Compl. at 4, Ex. 1 at 2, ECF No. 1-3. Plaintiff asserts that the emergency room records never came. Compl. at 4. However, on April 18, 2011, plaintiff was sent to an "outside" medical facility for an x-ray, which confirmed that plaintiff was suffering from a dislocated shoulder. Compl. at 4. Plaintiff states the outside doctor suggested surgery, but Doctor Jamaludeen opted for physical therapy. Compl. at 4. After the consult, plaintiff allegedly filed grievances and emergency grievances on April 20th, April 21st, April 25th, April 28th, and May 1, 2011. Compl. at 4. According to plaintiff none of the grievances were answered. Compl. at 4.

Plaintiff began physical therapy following his appointment with the outside medical facility and was also prescribed Vicodin. Am. Compl. at 3, ECF No. 10. According to plaintiff his shoulder was taped during physical therapy which only made his "shoulder worse [and] put [his] shoulder in more pain." Am. Compl. at 3. The physical therapy concluded on July 12, 2011. Am. Compl. at 3. On August 8, 2011 Doctor Jamaludeen allegedly "sent [plaintiff] back" to the orthopedic surgeon. Am. Compl. at 3.

On August 18, 2011, plaintiff alleges he had a conversation with Doctor Jamaludeen during which Doctor Jamaludeen asked plaintiff whether he would continue this lawsuit if he received surgery. Am. Compl. at 2. Plaintiff informed Doctor Jamaludeen that he would continue the lawsuit and plaintiff also told Doctor Jamaludeen that he had put in six medical sick

call slips to see him. Am. Compl. at 2. Doctor Jamaludeen told plaintiff that he knew "nothing about any sick call slips." Am. Compl. at 2. Thirty minutes later plaintiff was called to medical. Am. Compl. at 2. Plaintiff's blood was taken and an electrocardiogram ("EKG") was performed. Am. Compl. at 2. Additionally the physician's assistant, Catherine Cartwright, renewed plaintiff's prescription for Vicodin, Motrin, and ice packs. Am. Compl. at 2-3. Cartwright told plaintiff he was scheduled for surgery but that she could not tell him the date of the surgery for security reasons. Am. Compl. at 3.

On September 15, 2011, surgery was performed on plaintiff's shoulder. Am. Compl. at 3. In the amendment to the complaint, filed October 3, 2011, plaintiff stated that his shoulder was "healing" and he predicted he would be "in pain for a while." Am. Compl. at 3. Plaintiff also stated that he was still on Vicodin and had been for "6 months." Am. Compl. at 3. Plaintiff explained that he was pursing this lawsuit because he has "been going through pain for 4 ½ months and [is] still going through pain." Am. Compl. at 3. According to plaintiff and his "thinking," the correct course of shoulder treatment would have been to "operate and put it [the shoulder] back in place, and then physical therapy." Am. Compl. at 3. Additionally, as a result of his ongoing shoulder injury plaintiff states that he is "mentally, physically, and emotionally stressed," that cannot "sleep or eat," and that he is "addicted to Vicodin." Am. Compl. at 3. Although not expressly stated in the complaint or amendment to the complaint, it is clear that plaintiff intends to assert a claim of deliberate indifference to his serious medical needs. As relief, plaintiff requests monetary damages. Am. Compl. at 1.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When

determining whether a motion to dismiss should be granted, the alleged facts are presumed true and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 55. Moreover, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

### III. Analysis

A. Deliberate Indifference

To state a claim of inadequate medical care that rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105 (1976); see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, a plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or malpractice is not enough to state a constitutional violation; instead, plaintiff must allege and demonstrate

"[d]eliberate indifference . . . by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see also Estelle, 429 U.S. at 106. In other words, a plaintiff must allege facts demonstrating that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851 (citations omitted). Significantly, a prisoner's disagreement with medical personnel over the course of medical treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

At this juncture, it is clear that plaintiff's allegations fail to state a claim upon which relief can be granted. Specifically, plaintiff's allegations regarding Doctor Jamaludeen's efforts to treat plaintiff's shoulder belie plaintiff's assertion that Doctor Jamaludeen acted with deliberate indifference. According to plaintiff's own account, Doctor Jamaludeen scheduled plaintiff for an appointment with an outside specialist within two and one half weeks of plaintiff returning from the emergency room. Compl. at 4. Following the appointment with the outside specialist, Doctor Jamaludeen recommended plaintiff undergo physical therapy and prescribed Vicodin, Motrin, and ice packs to allay plaintiff's pain. Compl. at 4. Plaintiff received physical therapy until July 12, 2011. Am. Compl. at 3. On August 8, 2011, Doctor Jamaludeen sent plaintiff back to the orthopedic surgeon and on September 15, 2011, plaintiff received shoulder surgery. Am. Compl. at 3. Following the surgery, Doctor Jamaludeen prescribed Vicodin to manage plaintiff's pain. Am. Compl. at 3. Such allegations fail to establish that Doctor Jamaludeen acted with either actual intent or reckless disregard towards plaintiff's shoulder

injury. <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990); <u>see also Estelle</u>, 429 U.S. at 106.

Thus, the foregoing allegations fail to state a claim upon which relief can be granted.[1]

Furthermore, to the extent plaintiff disagreed with Doctor Jamaludeen regarding the

course of his treatment, such disagreement is not actionable under § 1983. <u>Wright v. Collins</u>,

766 F.2d 841, 849 (4th Cir. 1985); <u>Russell v. Sheffer</u>, 528 F.2d 318, 319 (4th Cir. 1975) (per

curiam); <u>Harris v. Murray</u>, 761 F. Supp. 409, 414 (E.D. Va. 1990).  Plaintiff's allegations note

two specific disagreements with Doctor Jamaludeen's course of treatment.  First, plaintiff

explains that he believes the correct course of action would have been to "operate and put it [the

shoulder] back in place and then physical therapy," rather than trying to heal the shoulder with

physical therapy prior to surgery.  Am. Compl. at 3.  Additionally, plaintiff explains that he

"does not know" why his shoulder was taped during physical therapy because it only "made [his]

shoulder worse" and caused him "more pain."  Am. Compl. at 3.  It is well settled that an

inmate's disagreements with medical staff regarding the particulars of his treatment do not give

rise to a constitutional violation.  <u>Wright</u>, 766 F.2d at 849; <u>Russell</u>, 528 F.2d at 319; <u>Harris</u>, 761

---

[1]     In his Memorandum in Opposition to the Motion to Dismiss plaintiff asserts new factual allegations regarding the course of his treatment.  Specifically, plaintiff alleges that from May 27, 2011 until July 12, 2011 he received only nineteen hours of physical therapy.  When matters outside the pleadings are presented in a response to a 12(b)(6) motion, a district court has discretion to exclude the additional material.  <u>See</u> Fed. R. 12(d); <u>Fonte v. Bd. Managers of Cont'l Towers Condo.</u>, 848 F.3d 24, 25 (2d Cir.1988).  Importantly, "[f]actual allegations contained in legal briefs or memoranda are . . . treated as matters outside the pleadings for purposes of 12(b)(6)." <u>Fonte</u>, 848 F.3d at 25; <u>see also</u> <u>Williams v. Harvey</u>, No. 4:05cv161, 2006 WL 2456406, at*6 (E.D.Va. Aug. 21, 2006) (declining to consider factual allegations raised for the first time in plaintiff's memorandum in opposition to summary judgment even though plaintiff was <u>pro se</u> because "[r]equiring that all plaintiffs, including <u>pro se</u> plaintiffs, set forth in their complaint the grounds on which they are proceeding is not 'technical' or 'arcane,' but rather, is an elementary requirement that is a necessity for defendants to be able to mount a defense").
    In this case, the Court will exclude the new factual allegations raised in plaintiff's Memorandum in Opposition.  It must be noted, however, that even if the Court were to consider these allegations they still would fail to establish deliberate indifference on behalf of Doctor Jamaludeen because, as discussed above, Doctor Jamaludeen actively treated plaintiff's shoulder injury.

F. Supp. at 414. Accordingly, these allegations likewise fail to state a claim upon which relief can be granted.

Lastly, plaintiff's attempt to state a claim for deliberate indifference based on Doctor Jamaludeen's alleged failure to respond to plaintiff's medical grievances is unpersuasive. While plaintiff alleges that he submitted medical grievances that went unanswered, this does not necessarily indicate that Doctor Jamaludeen had any knowledge of plaintiff's complaints. In fact, the complaint and amendment to the complaint are devoid of any allegations claiming that Doctor Jamaludeen knew of, but chose to ignore, plaintiff's sick call requests. Furthermore, according to plaintiff's own allegations, when he informed Doctor Jamaludeen that he had filed six unanswered sick call slips, Doctor Jamaludeen stated he knew "nothing about any sick call slips."[2] Am. Compl. at 2. Additionally, plaintiff was taken to medical for an appointment thirty minutes after he informed Doctor Jamaludeen of the unanswered sick call slips. Am. Compl. at 2-3. Such allegations are insufficient to state a claim of deliberate indifference. Furthermore, even if plaintiff had alleged that Doctor Jamaludeen had knowledge of the sick call slips, but failed to follow proper grievance procedures, such actions would not be actionable under § 1983 because the "Constitution creates no entitlement to a grievance procedure." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Garabedian v. Lanteigne, No. 1:08cv1221 (AJT/TRJ), 2006 WL

---

[2] In his Memorandum in Opposition to the Motion to Dismiss plaintiff alleges new facts concerning Doctor Jamaludeen's knowledge of plaintiff's sick call slips. Specifically, plaintiff states that it is evident that Doctor Jamaludeen had knowledge of the sick call slips because staff responded to the slips by stating: "Doctor J. is aware of your situation," and "this matter has been discussed with the medical staff." Plaintiff attached copies of the sick call slips to the Memorandum in Opposition. As discussed in footnote 1, when matters outside the pleadings are presented in a response to a 12(b)(6) motion, a district court has discretion to exclude the additional material. See supra, note 1. Accordingly, the Court will exclude these additional factual allegations. Likewise, the Court will also decline to consider the exhibits attached to the Memorandum in Opposition because they were not included with either the complaint or amendment to the complaint. Braun v. Maynard, 652 F.3d 557, 559 (4th Cir. 2011) (explaining that generally courts "do not consider materials other than the complaint and documents incorporated into it when evaluation that complaint under Rule 12(b)(6)").

1032774, at *4 (E.D. Va. Apr. 15, 2009).  Thus, even if Doctor Jamaludeen failed to comply with the grievance procedures, he would not be subject to liability under § 1983.

## IV. Outstanding Motions

Also before the Court is plaintiff's Motion for Subpoena.  Because the Motion to Dismiss will be granted, plaintiff's Motion for Subpoena must be dismissed as moot.

## V. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss will be granted and plaintiff's Motion for Subpoena will be dismissed as moot.  An appropriate order and judgment shall issue.

Entered this ___ day of _May_____ 2012.

Anthony J. Trenga
United States District Judge

Alexandria, Virginia

8